**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KEVIN MULVIHILL,

Petitioner,

v. Case No. 8:26-cv-2133-WFJ-SPF

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent.
_______________________________________/

# ORDER

Kevin Mulvihill is a Florida prisoner serving a total sentence of ten years' imprisonment for trafficking in amphetamine and other drug offenses. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). In his sole ground for relief, Mr. Mulvihill contends that the trial court violated his Sixth Amendment right to self-representation by failing to conduct a *Faretta*[1] hearing on the morning of trial. (*Id.* at 6-7). After careful review, the Court concludes that the petition must be dismissed because the *Faretta* claim is meritless. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

On the morning of trial, the court asked Mr. Mulvihill if he wished to "fire [his] lawyer." *State v. Mulvihill*, No. 22-CF-6335, Trial Tr. at 7 (Fla. 6th Jud. Cir. Ct.).[2] He said, "Yes, ma'am." *Id.* Mr. Mulvihill claimed that counsel (1) failed to file a motion to suppress "[a]ll" the evidence based on "entrapment," (2) did not conduct the depositions that he "wanted [counsel] to do," (3) failed to seek exclusion of video evidence based on a discrepancy in the time stamp, and (4) had only visited him "three times in a year and a half." *Id.* at 7-12. In response, the court noted that entrapment was a "defense your lawyer can run at trial." *Id.* at 8. For his part, counsel noted that although the discrepancy in the time stamp was a "credibility argument that we can point out" at trial, he did not believe he could "file a motion to suppress" "because of that." *Id.* at 11. The court agreed: "I'm not going to exclude it because their machinery was screwed up, but it's a great argue—it's a good way to cross-examine a cop." *Id.*

After confirming that Mr. Mulvihill had no additional complaints about counsel's performance, the court asked, "Do you want to represent yourself?" *Id.* at 12-13. This exchange followed:

> THE DEFENDANT: Not today, no.
>
> THE COURT: Okay.
>
> THE DEFENDANT: I mean, if I had more time, maybe to where I can go and look at everything. I mean—
>
> THE COURT: Uh-uh. The trial would be today—
>
> THE DEFENDANT: —I don't have access to the law library.

[2] The Court takes judicial notice of the relevant portion of the trial transcript, which is attached to this order for Mr. Mulvihill's reference. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020).

THE COURT: Do you want to represent yourself?

THE DEFENDANT: No. No. No, no.

THE COURT: Okay.

*Id.* at 13.

The court proceeded to deny Mr. Mulvihill's request to terminate his lawyer, finding that counsel was "providing effective assistance." *Id.* at 14. The court then asked, "You have indicated to me you do not want to represent yourself unless I continue the trial; is that correct?" *Id.* This exchange ensued:

THE DEFENDANT: I—you just said I don't want to represent myself—

THE COURT: Unless I continue the trial, then you want to. Am I understanding that right?

THE DEFENDANT: If you don't continue the trial, I would represent myself.

THE COURT: Oh, you're going to represent today?

THE DEFENDANT: No.

THE COURT: Oh, okay.

THE DEFENDANT: You said—I thought you just said if you continue the trial—oh, I got it. No.

THE COURT: Okay. All right.

THE DEFENDANT: I just read that wrong.

THE COURT: Are you—

[TRIAL COUNSEL]: And if the—

THE COURT: So I think we're good.

[TRIAL COUNSEL]: Okay.

THE DEFENDANT: Yeah.

*Id.* at 14-15.

In his petition, Mr. Mulvihill contends that the court violated "*Faretta* and its progeny" by failing to conduct an "appropriate inquiry" after he stated "he would represent [himself] if granted a continuance sufficient to prepare." (Doc. 1 at 6-7). Even under *de novo* review, this claim fails because Mr. Mulvihill did not clearly and unequivocally assert his right to self-representation. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review . . . because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review.").

"The Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process." *Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004). But a defendant also "has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so." *Faretta*, 422 U.S. at 807. A court is required "to conduct a *Faretta* hearing, at which a defendant is made aware of the dangers and disadvantages of self-representation," where the defendant makes a "clear and unequivocal assertion of a desire to represent himself." *Gill v. Mecusker*, 633 F.3d 1272, 1293 (11th Cir. 2011). "An unclear or equivocal request will not do." *Edmondson v. Att'y Gen.*, 853 F. App'x 484, 487 (11th Cir. 2021). Because "shrewd litigants can exploit this difficult constitutional area by making ambiguous self-representation claims to inject error

into the record, [the Eleventh Circuit] has required an individual to clearly and unequivocally assert the desire to represent himself." *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990); *see also Dorman v. Wainwright*, 798 F.2d 1358, 1366 (11th Cir. 1986) ("[P]etitioner must do no more than state his request, either orally or in writing, unambiguously to the court so that no reasonable person can say that the request was not made.").

Here, Mr. Mulvihill did not make a "clear and unequivocal assertion of a desire to represent himself." *Gill*, 633 F.3d at 1293. Asked if he wished to proceed without counsel, he initially responded, "Not today, no." *State v. Mulvihill*, No. 22-CF-6335, Trial Tr. at 13 (Fla. 6th Jud. Cir. Ct.). He then said that if he "had more time" to "look at everything," "maybe" he would like to represent himself. *Id.* But when the court explained that the "trial would be today" and asked if he still "want[ed] to represent" himself, Mr. Mulvihill said, "No. No. No, no." *Id.* Although he later stated, "If you don't continue the trial, I would represent myself," the ensuing colloquy shows that this response resulted from a misunderstanding of the court's question. When the court sought to clarify whether he intended to represent himself "today," Mr. Mulvihill said, "No," explained that he "thought you just said *if* you continue the trial. . . I got it. No," and confirmed that he had misunderstood the question. *Id.* at 14-15 (emphasis added).

Viewed as a whole, the transcript establishes that Mr. Mulvihill sought self-representation only if granted a continuance and expressly declined to waive counsel if trial proceeded as scheduled. A request for self-representation is not clear and unequivocal where, as here, it is "conditioned on the grant of a continuance." *United States v. Simpson*,

845 F.3d 1039, 1046, 1050 (10th Cir. 2017) (defendant "did not clearly and equivocally seek an opportunity to represent himself" because trial court "could reasonably infer that the motion for self-representation had been conditioned on the grant of a continuance"); *see also United States v. Kelley*, 787 F.3d 915, 917-18 (8th Cir. 2015) (request for self-representation was not "unequivocal" where defendant stated, "Since you won't provide substitution, I would like to move for the court to allow me to represent myself, contingent upon getting a continuance for me to review the evidence and prepare"); *United States v. Vanga*, 717 F. App'x 726, 727 (9th Cir. 2018) (request for self-representation was "equivocal" in light of the "conditions [defendant] placed on his . . . request[]," including "obtaining a continuance"); *State v. Ely*, 945 N.W.2d 492, 500 (Neb. 2020) (no "unequivocal assertion" of right to self-representation where defendant's "request to represent himself could reasonably be understood as expressing a desire to represent himself *only if* the court also continued his trial").

Because Mr. Mulvihill did not make a "clear and unequivocal assertion of a desire to represent himself," the court was not required to conduct a *Faretta* hearing. *Gill*, 633 F.3d at 1293. Thus, Mr. Mulvihill's sole ground for habeas relief is meritless.

Accordingly, Mr. Mulvihill's petition for writ of habeas corpus, (Doc. 1), is **DENIED**. Because Mr. Mulvihill fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). The **CLERK** is directed to enter judgment in favor of Respondent and against Mr. Mulvihill and to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on July 27, 2026.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE